IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MYLAN INC., et al., )
)
        Plaintiffs, )
)
v. ) Case No. 18-mc-209-DDC-TJJ
)
ANALYSIS GROUP, INC., )
)
        Defendant. )

# ORDER

This matter is before the Court on Analysis Group, Inc.'s Motion for Costs Incurred in Responding to Rule 45 Subpoena (ECF No. 30). Analysis Group, Inc. seeks to recover compensation for its time and expenses incurred in complying with a subpoena served by Mylan, Inc. and Mylan Specialty, L.P. (Mylan). Mylan opposes the motion. As set forth below, the Court will grant the motion in part.

In its opposition to Mylan's Motion to Compel Compliance with Subpoena Directed to Analysis Group, Inc. (ECF No. 2), Analysis Group (AGI) asked the Court to order Mylan to pay the costs of compliance if the Court grants the motion to compel. As the order ruling on the motion to compel noted, the Court's policy is to deny cost-shifting in the absence of evidence sufficient to demonstrate that compliance will impose undue expense on the producing party.[1] "[T]he court will not deny a party access to relevant discovery because compliance inconveniences a nonparty or subjects it to some expense."[2] Based on Mylan's failure to

---

[1] ECF No. 820 at 9.

[2] *Booth v. Davis,* No. 10-4010, 2011 WL 2008284, at *7 (D. Kan. May 23, 2011) (citing *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993)).

adequately respond to AGI's showing of undue burden, the Court found it appropriate for Mylan to share in the cost of production. However, the Court held in abeyance its ruling on costs until AGI had complied with the Court's order and submitted an affidavit setting forth the time and expense it incurred in responding to the subpoenas. This motion followed.[3]

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), once an order to compel is in place, the court must "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[4] The widely-applied standard in determining cost allocation under the rule calls for consideration of three factors: "(1) whether the non-party actually has an interest in the outcome of the case, (2) whether the non-party can more readily bear the costs than the requesting party, and (3) whether the litigation is of public importance."[5]

AGI offers little in the way of analysis. It describes the "significant time and resources" it expended in producing responsive documents as identifying relevant projects, interviewing individuals to locate documents, and retrieving and reviewing those records. AGI also asserts its legal resources were strained by the effort, and that it is not involved and has no interest in the outcome of the litigation between Mylan and Sanofi.[6]

---

[3] Mylan sought review of the undersigned Magistrate Judge's order, which District Judge Crabtree denied. *See* ECF No. 33.

[4] Fed. R. Civ. P. 45(d)(2)(B)(ii). AGI also seeks compensation under Rule 45(d)(3)(C)(ii), but offers no explanation of that subsection's applicability. As Mylan points out, AGI is not entitled to recover costs under Rule 45(d)(3)(C)(ii) which applies only when a court orders production of trade secrets or unretained expert opinions. Insofar as AGI asserted the subpoena called for it to disclose trade secrets, the Court determined the documents at issue do not constitute trade secrets. *See* ECF No. 24 at 9-11.

[5] *E.g. Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass 2004).

[6] ECF No. 30 at 3.

2

In addition to addressing each of the factors set forth above, Mylan argues that AGI fails to meet its burden to show the reasonableness of its request or that the expenses resulted from compliance with the Court's order. Specifically, Mylan points out that AGI submitted no time entries, billing records, timesheets, or other support for or explanation of its claim for costs. Mylan also intimates the amount AGI claims for producing just over 150 documents may not be proportional to what other non-parties have done.[7]

With respect to the first factor, Mylan asserts that AGI has an interest in the outcome of the underlying antitrust case. By advising Sanofi about the market containing epinephrine auto-injector devices and recommending pricing and marketing strategies for Auvi-Q, Mylan contends AGI was intimately involved in the decisions underlying this lawsuit. "When the nonparty producing materials has a potential interest in the underlying litigation, courts have weighed that interest against shifting the costs of production to the requesting party."[8] The Court agrees AGI is not the classic disinterested party subject to subpoena from a party to a lawsuit to which it has no connection. "When a party from whom documents are sought is not a 'classic disinterested non-party,' . . . the court can order that the non-party produce the documents at its own expense."[9]

---

[7] In addition, Mylan urges the Court to reject the motion because AGI did not confer with Mylan prior to filing it. This is not a situation in which D. Kan. Rule 37.2 applies.

[8] *Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *13 (W.D. Va. April 23, 2014).

[9] *In re Seroquel Prods. Liab. Litig.*, No. 06-1769, 2007 WL 42876676, at *3 (M.D. Fla. Dec. 6, 2007) (citing *In re First Am. Corp.*, 184 F.R.D. 234, 241-42 (S.D.N.Y. 1998)).

Second, Mylan contends AGI, with its annual revenue or more than $345 million, is a sophisticated corporation capable of bearing the costs of producing materials in its possession. With good reason, Mylan does not attempt to cast itself as an entity in worse financial shape than AGI. As the entity seeking to shift costs and attorney's fees, it is up to AGI to "demonstrate that they cannot more readily bear the expense" than the requesting party.[10] AGI has made no attempt to make such showing, but neither has Mylan argued against it.

Finally, Mylan submits this litigation is of public importance because it is a matter of serious concern to the pharmaceutical industry, with Plaintiffs bringing claims about contracting practices between manufacturers and PBMs that are widespread in the pharmaceutical industry. To find public importance in this case is consistent with the way in which other courts interpret this factor.[11]

Considering the relevant factors, the Court concludes that AGI should bear most of the costs of production. AGI has not provided sufficient information to support the amount of attorney time it claims─$53,287.50─either with respect to the tasks performed or relative to the number of documents produced. The required "protection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance. . . [A] non-party can be required to bear some or all of its expense where the equities of a particular case demand it."[12]

---

[10] *In re Application of Michael Wilson & Partners, Ltd.*, No. 06-cv-02575-MSK-KMT, 2012 WL 1901217, at *5 (D. Colo. May 24, 2012).

[11] *See Behrend*, 248 F.R.D. at 87; cf *Bell Inc.*, 2014 WL 1630754, at *14 (contrasting *Behrend* with case involving single plaintiff and single defendant).

[12] *In re Law Firms of McCourts*, No. M19-96, 2001 WL 345233, at *1 (S.D.N.Y. Apr. 9, 2001).

Based on the applicable factors and the equities of the case, the Court will require Mylan to pay $13,500.00 of the costs AGI seeks.

**IT IS HEREBY ORDERED** that Analysis Group, Inc.'s Motion for Costs Incurred in Responding to Rule 45 Subpoena (ECF No. 30) is granted in part. Within 30 days of the date of this order, Mylan shall pay AGI $13,500.00.

**IT IS SO ORDERED.**

Dated this 4th day of February, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge